ELISA RUIZ Y MERLO ET AL., Plaintiffs and Appellees, v. MARIO MERCADO E HIJOS, Defendant and Appellant.

No. 5625. Argued March 16, 1932.—Decided January 17, 1933.
On rehearing May 31, 1934.

B. *Fernández García* (*Tous Soto & Zapater* on the brief) for appellant. *López de Tord & Zayas Pizarro* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The amended complaint filed in this case on the 10th of October 1927, contains two causes of action. The first was for the delivery by the defendant to the plaintiffs of a portion of the lands and buildings amounting to one-half acre and of 50 other acres sufficiently described in the contract between the two parties in this case. The second cause of action was for fruits and rents of the retained property.

When the case first came on for trial the defendant agreed that judgment should be rendered against it on the first

cause of action, but maintained that the second cause of action had prescribed under section 1869 of the Civil Code. The court below agreed with the defendant and in effect dismissed the second cause of action. The plaintiffs appealed and this court reversed the judgment and sent the case back for further proceedings not inconsistent with the opinion. *Ruiz et al.* v. *Mercado & Sons*, 38 P.R.R. 525.

The whole case turns upon the construction of a contract of sale made by the plaintiffs in this case to the defendant. Therein the said plaintiffs conveyed to the defendant 150 acres, but in the fourth clause of the contract the parties agreed that after the execution of the deed the purchaser would segregate from the property sold three buildings with half an acre that surrounded them, the whole thing to be at the free disposition of the vendors, plaintiffs in this case, without remuneration to be paid by the latter. The fifth clause of the contract likewise provided that Mario Mercado e Hijos was obliged to grant without compensation (*ceder gratuitamente*) 50 acres to be located as described in said paragraph 5.

The issue before the court was the amount of the fruits and rents. Upon opening the trial to determine them, the plaintiffs attempted to introduce parol evidence in order to show the understanding or the nature of the original contract between the parties, and the defendant objected on the ground that such attempt would be against the parol evidence rule limiting the parties to the actual stipulations of their contract. The court sustained the position of the defendant.

Subsequently the plaintiffs offered to amend the complaint, and the court, over objection, allowed the amendment.

In the original complaint the question of the rents or fruits depended upon the first cause of action. The amended complaint introduced, therefore, was an extension of the facts of the first count and set forth in effect that, while it was true that the plaintiffs sold to the defendant the whole 150 acres, this was done only to facilitate the sale of 100 acres,

inasmuch as the notary lacked the details necessary to segregate clearly the 100 acres object of the sale, which arrangement (*fórmula*) was accepted by the plaintiffs at the suggestion of the defendant, in order not to delay the sale of the 100 acres.

The first assignment was that the court committed error in permitting plaintiffs to amend the complaint at the trial, introducing a new averment which fundamentally changed the cause of action. The second assignment was that the Court of Ponce committed error in allowing the notary to testify and so alter the terms and agreements of the deed of 16th of April 1920, made by the parties. The appellant discusses these two assignments of error together. In writing its opinion the court below, as we think, correctly decided that the parol evidence was admissible, although at the trial its position had been favorable to defendant. We shall not stop to discuss all the exceptions to the parol evidence rule, but the facts of this case fall clearly within one or other of them. Some of them are discussed in the opinion of this court in the case of *Marxuach* v. *Acosta,* 39 P.R.R. 872. Generally, as shown therein, the parties are allowed to show what was the true consideration for a contract and even in special cases to explain the situation of the parties on making the contract.

Also there was, perhaps, a latent ambiguity in the contract, inasmuch as the reason for the transfer of the 50 acres and the half acre gratuitously by the defendant did not appear.

Moreover, we do not think any amendment to the complaint was necessary, nor did the plaintiffs have to introduce any parol evidence to vary the terms of the contract. A literal reading of the said contract makes it clear that the defendant was under an obligation to transfer to the plaintiffs 50 acres and one-half acre and it did not do so. It allowed ten years to elapse before making the alleged transfer.

We hold that this mere fact constitutes a *prima facie* case for the payment of fruits or rents, as the case may be.

The other three assignments of error relate to the action of the court in determining the amount of the damages. Expert evidence was introduced on both sides to show the rental value of the land, so as to apportion the rents. The defendant in point of fact was receiving rent for the whole property at the rate of $1,200 a year. It transpired that in the original contract between the parties the plaintiffs transferred to the defendant all these rents or the whole lease then existing. The defendant lays great stress on the fact that all of these rents were transferred to it. Their is no doubt that the lease and the rents were transferred to the defendant and technically a complete novation existed. The defendant became the landlord and was entitled to receive rents from the former lessee. Nevertheless, we are concerned in this case with the fruits of the property, and the measure of these fruits was clearly at least the rents that this defendant was receiving. The relation between the new landlord and tenant was in no way affected and the tenant was obliged to pay the rent to the defendant.

Too much insistence can not be laid upon the fact that what is involved here are the fruits that the plaintiffs are entitled to receive by reason of the fact that they were deprived of the products of their property for ten years.

Section 1068 of the Civil Code provides:

"Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby."

This does not resuscitate the idea of the defendant in saying that the action had prescribed, for section 1869 of the Civil Code, on which defendant relied, refers to obligations arising under section 1803 of that code, or in other words, those arising from obligations which are incurred without agreement (*las obligaciones que se contraen sin convenio*).

Taking it for granted that the measure of damages was the rents that the defendant received, the appellant does not convince us that the apportionment made by the court was not correct. The apportionment to be made did not necessarily depend upon the relative value of the lands finally transferred to the plaintiffs to the whole value, but might be calculated upon the value of the said property taken absolutely.

We can not imagine that the buildings with a half acre of land and the other 50 acres could fail to produce $120 a year to the defendant, and as they were so saliently capable of producing that amount, we think the court committed no error in its apportionment.

Furthermore, the better authority is that a person deprived of the use of property is not limited to the rents and profits actually received. Citing from 19 C. J. 1242:

"The general rule is that the owner is not confined to the rents actually received by the party required to make restitution but is entitled to recover the rental value of the property, but there is some authority apparently to the contrary."

Indeed, we have some question of whether the plaintiffs might have not been entitled to more.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.

ON REHEARING

May 31, 1934

MR. JUSTICE WOLF delivered the opinion of the court.

At the conclusion of our original opinion in this case we said:

"Taking it for granted that the measure of damages was the rents that the defendant received, the appellant does not convince us that the apportionment made by the court was not correct. The apportionment to be made did not necessarily depend upon the relative value of the lands finally transferred to the plaintiffs to the whole value, but might be calculated upon the value of the said property taken absolutely.

"We can not imagine that the buildings with a half acre of lands and the other 50 acres could fail to produce $120 a year to the defendant, and as they were so saliently capable of producing that amount, we think the court committed no error in its apportionment.

"Furthermore, the better authority is that a person deprived of the use of property is not limited to the rents and profits actually received. Citing from 19 C. J. 1242:

" 'The general rule is that the owner is not confined to the rents actually received by the party required to make restitution but is entitled to recover the rental value of the property, but there is some authority apparently to the contrary.'

"Indeed we have some question of whether the plaintiffs might have not been entitled to more."

If we had stopped with the first paragraph, there would have been no reason for a reconsideration. The fact was, however, that although in the principal opinion it was recognized that the rents were ceded to the defendant, Mario Mercado e Hijos, yet erroneously we had the idea that the half acre and the fifty acres that were to be conveyed to the plaintiffs-appellees were free from the lease. In other words, we thought that the fifty acres and the half acre were to pass to the appellees absolutely and that being deprived of the possession, they were entitled to whatever rents and profits they could obtain. It transpired that the contract of lease was made by the appellees before they transferred any part of the property to the appellant. Therefore, we were not entitled to consider what the appellees might have obtained as rents and profits if they had the actual possession of the property free of the rent charge.

At the time of the previous hearing we were without a brief of the appellees. We agree with the latter that whether or not they could obtain rents or profits from the property, nevertheless, the title to the property would have been of some value to them. This much the court might have taken into consideration. Also perhaps when the lease terminated in 1926 the court could have taken into consideration the

rental of the property for the four years that elapsed from the end of the lease and the rendition of the opinion by the court below. The appellees also indicate that at the time of the hearing, while the appellant had agreed to do so, it still had not made a formal deed of transfer to the fifty acres and the one-half acre.

The appellant does not satisfy us that the apportionment made by the court below was not correct. We are quite agreed with the appellees that there was nothing in the original contract by which the appellant was to retain all the rents. We are in accord with the conclusion of the court that the fifty acres and the one-half acre were to be transferred to the appellees and be held by them in the same manner as the other one hundred acres were held by the appellant, all subject to the lease. As the appellees assume, we find no reason to change the other considerations of our original opinion, and the judgment will be affirmed.